UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:07-CV-173-R

MINNESOTA LIFE INSURANCE                                                                PLAINTIFF
COMPANY

v.

LESLIE HAMILTON                                                                         DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Docket #18). Defendant has responded (Docket #22). Plaintiff has replied (Docket #24). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion for Summary Judgement is **GRANTED**.

### BACKGROUND

Johnny Hamilton ("Johnny"), through his employer, Goodyear Tire and Rubber Company ("Goodyear"), owned two group life insurance policies with Metropolitan Life Insurance Company ("MetLife"). Originally, both policies designated Rebecca Hamilton, Johnny's third wife, as his primary beneficiary. In February 2003, Johnny completed the necessary forms to change both policies to designate his daughter from his first marriage, Leslie Hamilton, as his primary beneficiary. His two children from his second marriage, Jessica and Joshua Hamilton, became his secondary beneficiaries.

In early 2006, Goodyear changed its insurance carrier for its group life insurance policy from MetLife to Minnesota Life Insurance Company ("Minnesota Life"). Minnesota Life assumed the group life insurance policies of MetLife. In doing so, and at the request of Goodyear, Minnesota Life re-solicited Goodyear's employees to update their beneficiary

designations.

Minnesota Life mailed notices and beneficiary forms to each insured in Goodyear's life insurance group. The notices informed the insureds of the need to designate a beneficiary, how to do so, and indicated that if a beneficiary were not designated, then Minnesota Life would apply a default beneficiary designation. The notices explained, "If you have not named a beneficiary, benefits will be paid, in order of priority, to your lawful spouse, children, parents, siblings or your estate."

Minnesota Life sent three such notices to Johnny Hamilton. The first notice was mailed on May 3, 2006, the second on June 20, 2006, and the final reminder letter on July 20, 2006. The final reminder letter stated, in pertinent part, "This is final notice that as of July 27, 2006, under any plan or policy you did not name a beneficiary with us, the beneficiary is the default beneficiary shown below. The default beneficiary is the beneficiary of record unless you request or make a change." Johnny took no action in regard to these notices. Under the default beneficiary designation, all three of Johnny's children, Leslie, Jessica, and Joshua, became equal primary beneficiaries.

Johnny died of cancer on November 4, 2006. In accordance with the default beneficiary plan, Minnesota Life provided claim information to each of Johnny's three children in December 2006. However, due to what Minnesota Life describes as a "confusing glitch" in its records, a Minnesota Life employee paid the entire amount of the policies' proceeds to Leslie Hamilton based on the beneficiary designation of the MetLife plan, rather than equally to all three children based on the beneficiary designation of the default plan. Minnesota Life realized its error when it received a letter from Jessica Hamilton regarding her claim. Attached with the letter sent by

Jessica was a copy of the final reminder letter sent to Johnny.

Minnesota Life has since paid Jessica and Joshua Hamilton their shares under the policies. However, Minnesota Life has been unable to reclaim the alleged overpayment it made to Leslie Hamilton. Minnesota Life filed suit claiming unjust enrichment, conversion, and misappropriation for Leslie's failure to return the overpayment. Minnesota Life now moves for summary judgment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

Under Kentucky law, "an insurer who made a payment under an erroneous belief induced by a mistake of fact that the terms of the insurance contract required such payment is entitled to restitution from the payee." *Phoenix Indemnity Co. v. Steiden Stores*, 267 S.W.2d 733, 734 (Ky. 1954) (quoting 167 A.L.R. 472 (1947)). "Although some jurisdictions hold that payments voluntarily made by an insurer under a mistake of law or fact cannot be recovered because the insurer is deemed to have assumed the risk of payment, the law is to the contrary in Kentucky." *Riverside Ins. Co. v. McDowell*, 576 S.W.2d 268, 269 (Ky. Ct. App. 1979) (citing *Phoenix Indemnity Co. v. Steiden Stores*, 267 S.W.2d 733 (Ky. 1954); *Supreme Council, Catholic Knights of America v. Fenwick*, 183 S.W. 906 (Ky. 1916)). The rationale behind this rule is to avoid needless litigation and encourage prompt payment of insurance claims. *Phoenix Indemnity Co.*, 267 S.W.2d at 735.

The issue before the Court is whether Leslie has been unjustly enriched by an overpayment due to a mistake of fact made by Minnesota Life. There is a rebuttable presumption that a communication properly addressed, stamped, and deposited in the mail was received by the addressee. *Zeigler Coal Co. v. Com., Dept. of Revenue*, 691 S.W.2d 216, 217 (Ky. Ct. App. 1985); *Inter-Southern Life Ins. Co. v. Cochran*, 83 S.W.2d 11, 14 (Ky. Ct. App. 1935). Susan Conley Fenton, a Minnesota Life employee, testified in her deposition that three notices were properly stamped and sent to Johnny Hamilton's home address. Minnesota Life has entered into evidence the final reminder letter received at Johnny's home address and sent by

4

Jessica Hamilton to Minnesota Life when she inquired about the default plan. The Court finds this evidence sufficient to raise a rebuttable presumption that Johnny received the notices sent to him by Minnesota Life. In response, Leslie speculates that Jessica may have intercepted Johnny's mail or somehow prevented him from designating Leslie as his beneficiary, but she offers no evidence in support of these accusations. Leslie having provided no evidence to the contrary, the Court must presume that Johnny Hamilton received the notices mailed to him. It is undisputed by both parties that he took no action in response to them.

Under Minnesota Life's standard transition procedure, failure to re-designate a beneficiary results in acceptance of the default plan. Therefore, by taking no action in regard to the notices he received, Johnny's beneficiary changed from Leslie to all three of his children. It is undisputed that Minnesota Life then made a mistake regarding who was the proper beneficiary under the policies. Due to a "confusing glitch" in Minnesota Life's records, an employee mistakenly understood Leslie to be the primary beneficiary of the policies. Whether or not this "confusing glitch" rises to the level of negligence by Minnesota Life is not an issue currently before the Court. Under Kentucky law, this mistake entitles Minnesota Life to restitution for any amount it paid to Leslie in excess of what was properly due to her under the terms of the default plan.

Minnesota Life argues that the Court should find in its favor based on the doctrine of substantial compliance. The doctrine of substantial compliance holds that where an insured has substantially complied with the formalities and terms of an insurance policy to effectuate a change of beneficiary, the change should be honored even if the insured failed to adhere to all the formalities or terms of the policy. *Hart v. Hart*, 201 S.W.3d 457, 459 (Ky. 2006).

5

Substantial compliance is deemed sufficient "when the insured had done all he could under the circumstances; all he believed necessary to effect the change or what the ordinary laymen would believe was ll that was necessary to accomplish the change." *Id.* at 459-60 (quoting *Hill v. Union Central Life Ins. Co.*, 513 S.W.2d 808, 808-09 (Ky. 1974)). "[W]here the insured has done substantially all he is required to do under the provisions of a policy to effect a change in the beneficiary and that mere ministerial acts of the insurer's officers and agents only remain to be done, the change will take effect." *Inter-Southern Life Ins. Co. v. Cochran*, 83 S.W.2d 11, 14 (Ky. Ct. App. 1935).

  Minnesota Life argues that Johnny substantially complied with the terms of the policies to change the beneficiary from Leslie to the default plan when he took no action in response to the notices sent to him. Because an ordinary layman would have believed it necessary to designate Leslie as a beneficiary based on the notices sent to him, Minnesota Life argues that Johnny's inaction indicates his desire to have the proceeds of his policies distributed by the default plan. In response, Leslie makes three arguments: (1) Johnny's intent is demonstrated by his February 2003 change of beneficiary to Leslie and Johnny was under no duty to re-designate his beneficiary; (2) Minnesota Life's re-solicitation notices were only ministerial acts to verify Johnny's beneficiary, not substantially change his beneficiary; and (3) Minnesota Life improperly paid Jessica and Joshua Hamilton due to its own incompetence.

  The Court finds the parties' discussion of the substantial compliance doctrine misplaced. Kentucky case law concerning substantial compliance involves an insured who takes some action to change his beneficiary but, due to a failure to comply with all of the policy terms, the change is not completely effectuated. *See, e.g., Hart v. Hart*, 201 S.W.3d 457, 459 (Ky. 2006);

*Hill v. Union Central Life Ins. Co.*, 513 S.W.2d 808 (Ky. 1974); *Vaughn v. Baker*, 438 S.W.2d 517, 519 (Ky. 1969). Here, Johnny took no initial action to change his beneficiary; Minnesota Life did. Even if Johnny took no action in an effort to elect the default plan, as Minnesota Life suggests, then Johnny's inaction amounts to complete compliance, not substantial compliance, with the terms of the policies. Similarly, if Minnesota Life's re-solicitation notices were only ministerial acts, as Leslie suggests, then Johnny's change in beneficiary in February 2003 must have been the result of his substantial compliance with the terms of his then MetLife policies. But Leslie offers no evidence to suggest that Johnny's change in beneficiary in February 2003 was anything other than in complete compliance with the terms of his then MetLife policies. Therefore, there is no need to discuss whether or not Minnesota Life's re-solicitation notices were ministerial acts.

Leslie's remaining arguments that Johnny was under no duty to re-designate his beneficiary and that Minnesota Life improperly paid Jessica and Joshua Hamilton due to its own incompetence are ill-conceived. In her brief, Leslie merely surmises that Johnny was under no duty to re-designate his beneficiary. She cites no case law nor offers any evidence in support of her position. As for Leslie's argument that Minnesota Life improperly paid Jessica and Joshua, the Court reiterates that the issue before it is not whether Minnesota Life was "grossly incompetent" in its handling of its mistake. The fact that a mistake and overpayment occurred is sufficient under Kentucky law to entitle Minnesota Life to restitution.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.