UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-173-R

MINNESOTA LIFE INSURANCE                                                                PLAINTIFF
COMPANY

v.

LESLIE HAMILTON                                                                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant's Motion to Alter or Amend (Docket #34). Defendant has responded (Docket #35). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

Plaintiff Minnesota Life Insurance Company brought this action to recover an overpayment it erroneously made to Defendant Leslie Hamilton under two group life insurance policies owned by Johnny Hamilton, Leslie's father. In its January 9, 2009 Order, the Court granted summary judgment in favor of Plaintiff. Defendant now moves the Court to alter or amend its January 9, 2009 Order pursuant to Federal Rule of Civil Procedure 59(e), or alternatively, for relief under Federal Rule of Civil Procedure 60(b)(1).

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within ten days of entry. Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional

evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case. *Id.*

Similarly, motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Defendant filed her motion to alter or amend without a supporting memorandum. As Plaintiff correctly points out, local rule 7.1 states that each motion before the Court should be accompanied by a supporting memorandum. Jt. Ky. Loc. R. 7.1(a). "Failure to file a supporting memorandum may be grounds for denying the motion." *Id.*

Defendant's motion asserts two reasons why the Court should alter or amend its January 9, 2009 Order. First, Defendant states that the Order includes mistakes of fact. However, Defendant neither identifies these mistakes nor substantiates their error. Second, Defendant states that the Court made no ruling in regard to Defendant's own motion for summary judgment. Defendant's motion for summary judgment argued that Defendant was entitled to the

full amount paid to her by Plaintiff because under Kentucky's substantial compliance doctrine Johnny Hamilton had taken reasonable steps to designate Defendant as his primary beneficiary under the two insurance policies. In its January 9, 2009 Order, the Court addressed Defendant's substantial compliance argument and determined that Defendant's reliance upon it was misplaced. Thus, the Court ruled on Defendant's motion for summary judgment by concluding that Plaintiff was entitled to summary judgment.

Defendant's motion provides no additional basis in law or fact for why the Court's January 9, 2009 Order was in error, nor does it offer any newly discovered evidence or change in the law necessitating its review. For these reasons, IT IS HEREBY ORDERED that Defendant's Motion to Alter or Amend is DENIED.